UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23219-CIV-SEITZ/TURNOFF

ORLANDO A ARTOLA and all others )
similarly situated under 29 U.S.C. 216(b), )
)
                Plaintiff, )
vs. )
)
MRC EXPRESS, INC. )
ALPHA LOGISTICS SERVICE, INC., )
)
                Defendants. )
_____)

**PLAINTIFF'S MOTION TO QUASH AND, IN THE ALTERNATIVE, FOR PROTECTICE ORDER AS TO SUBPOENAS FOR DEPOSITIONS *DUCES TECUM* DIRECTED TOWARDS CHRISTIAN MENDOZA AND REBECA CRISTOBAL**

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby moves to quash Subpoenas for Depositions *Duces Tecum* directed towards Christian Mendoza and Rebeca Cristobal, or, in the alternative, for entry of a Protective Order as to said subpoena, and in support thereof states as follows:

1. This matter sounds under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216 for unpaid overtime wages.

2. The discovery deadline in this matter is June 15, 2015. [DE16].

3. On or about May 11, 2015, Defendants unilaterally issued a Notice for Depositions *Duces Tecum* along with subpoenas directed towards Plaintiff's accountants, (1) Christian Mendoza and (2) Rebeca Cristobal of Global Tax & Accounting Group Corp., for June 5, 2015. *See* Exhibit "A." Said subpoenas request the production of all records/documents regarding all taxes filed, or may be filed, and the preparation thereof, including but not limited to: a copy of all documents used to prepare said taxes, all

Page 1 of 12

related bank records, all related expense reports, all related receipts, all related records evidencing any claimed expenses and deductions, all related income records, all Schedule C's, Schedule E's, and all records evidencing any claim depreciation and amortization. *Id.*

4. On or about February 19, 2015, Defendants' sought production of Plaintiff for (a) tax returns, including all attachments and schedules, filed by Plaintiff with the Internal Revenue Service for the years 2011, 2012, 2013, and 2014 (Request No. 5); (b) tax returns, including all attachments and schedules, filed by any entity in which Plaintiff had ownership interest with the Internal Revenue Service for the years 2011, 2012, 2013, and 2014 (Request No. 6); (c) Copies of all bank records, showing all deposits and withdrawals, for each bank account in which Plaintiff had any interest whatsoever, whether individually or jointly with others, or was an authorized signatory, between April 1, 2011 and August 30, 2014 (Request No. 32); (d) Copies of all tax returns of U. Trust Delivery, Corp., FEIN 46-4735379 (Request No. 41); (e) Copies of forms IRS Forms 941 and 940 filed by U. Trust Delivery, Corp., FEIN 46-4735379, between January 1, 2014 and December 31, 2014 (Request No. 42); (f) Copies of all bank records of U. Trust Delivery, Corp., FEIN 4-4735379, between January 1, 2014 and September 30, 2014 (Request No. 43); (g) Copies of all DR-15 forms filed by U. Trust Delivery, Corp., FEIN 46-4735379, between January 1, 2014 and October 31, 2014 (Request No. 47); and (h) Copies of all UCT-6 or similar forms filed by U. Trust Delivery, Corp., FEIN 46-4735379, with the State of Florida, between January 1, 2014 and October 31, 2014 (Request No. 48).

5. Plaintiff objected to Requests No. 5, 6, and 32, as "harassing, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff also objected to Requests No. 41, 42, 43, 47, and 48, as "irrelevant, harassing, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Not waiving any objections, none at this time. Additionally, during the relevant time period Plaintiff was economically dependent on Defendants and created the corporation at the direction and instruction of Defendants as Defendants required Plaintiff to create same as this was the only way Defendants agreed to continue his employment."[1]

6. Defendants' subpoenas seek the production of documents to which Plaintiff has objected to and for which Defendants never moved to compel the production of or to overrule Plaintiff's objections.[2] Clearly, Defendants' subpoenas are an attempt to circumvent the discovery process and are unreasonable and vexatious and, as such, Defendants' should not be entitled to the requested discovery. Moreover, said request is not relevant to Plaintiff's wage claims.

7. Defendants contend Plaintiff was an independent contractor and, as such, his tax records and the underlying documents he relied on to file his tax returns are relevant (such as for

---

[1] Instead of moving to overrule Plaintiffs' objections to the Request to Produce or to Compel Better Answers, Defendants issued subpoenas to obtain the very same documents to which Plaintiff objects.

[2] In order to avoid the need for Court intervention and so as to be cooperative, Plaintiff did not did not concede that said documents were relevant, however, Plaintiff provided to Defendants copies of his tax returns for 2011-2014 and advised of Plaintiff's personal bank account number and the bank account number for Plaintiff's corporation as same were not in Plaintiff's possession. Defendants now wish to have a mini-trial on Plaintiff's tax information and put his taxes under a microscope to glean evidence which is irrelevant, harassing, and inadmissible.

example showing filings as independent contractors, 1099, etc.) to argue such shows Plaintiff to be an independent contractor as opposed to an employee under the FLSA.[3]

8. The Middle District stated (when analyzing the issue of independent contractor status in light of the economic realities test) in *Harrell v. Diamond A Entertainment, Inc.*, 992 F. Supp. 1343 (M.D. Fla. 1997)(emphasis added) that: the "Defendant's fourth and fifth additional factors (characterization for **tax** purposes and the provision of employee benefits) **are not relevant**. Consequently, the Court should not permit Defendants to embark on a fishing expedition to gather Plaintiff's taxes (or filing status) for purposes of determining the employer-employee relationship.

9. Any responsive documents Defendants receive from the accountants' depositions would not be related to the number of hours Plaintiffs were working nor the intention of said payments and would, thus, not lead to admissible evidence.

10. In the alternative, Plaintiffs have shown "good cause" for this Court to issue a protective order. *See* Fed. R. Civ. P. 26(c)(1) ("The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

11. Therefore, Plaintiff respectfully moves this Court to quash the Subpoenas *Duces Tecum* directed towards Plaintiff's accountants, (1) Christian Mendoza and (2) Rebeca Cristobal of Global Tax & Accounting Group Corp., or, in the alternative, for entry of a Protective Order as to said subpoenas. Plaintiff also respectfully request that they be awarded fees for having to file this Motion.

---

[3] Defendants have not been able to articulate how the requested information is relevant and have not been able to provide any authority to support Defendants' position, other than referring to *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001).

## MEMORANDUM OF LAW

Plaintiff was an employee of Defendants' as defined by 29 U.S.C. § 203(e)(1). An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d). An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *See, Santelices, supra.* The Middle District stated (when analyzing the issue of independent contractor status in light of the economic realities test) in *Harrell v. Diamond A Entertainment, Inc.*, 992 F. Supp. 1343 (M.D. Fla. 1997)(emphasis added) that: the "Defendant's fourth and fifth additional factors (characterization for **tax purposes and the provision of employee benefits) are not relevant.**

This Court in the instant case should not permit Defendants to take the deposition of Plaintiff's accountants, Christian Mendoza and Rebeca Cristobal of Global Tax & Accounting Group Corp., to obtain Plaintiff's tax records and the underlying documents relied on to file same. Said documents will likely be inadmissible at Trial to demonstrate Plaintiff was an independent contractor as opposed to an employee under the FLSA. *Harrell v. Diamond A Entertainment, Inc.*, 992 F. Supp. 1343 (M.D. Fla. 1997). Consequently, the Court should not

permit Defendants to embark on a fishing expedition and run up fees and costs to gather inadmissible evidence. Moreover, Plaintiff in his interrogatories has already admitted under oath that he was economically dependent on Defendants for the relevant time period. The excessively broad nature of the subpoenas combined with Defendants' reliance on bare speculations and conjecture reflects Defendants' true motives for the proposed deposition – to subject Plaintiff and his accountants to annoyance, oppression, undue burden and expense, while multiplying the proceedings in this case needlessly and vexatiously.

The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).[4] The Court may enter, for good cause, a protective order to prevent "annoyance, embarrassment, oppression or undue burden or expense." *See, e.g., Diamond State Insurance Company v. His House, Inc.*, 2011 U.S. Dist. LEXIS 5808 *6 (S.D. Fla. 2011).Federal Rule of Civil Procedure 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or is obtainable from a more convenient or less burdensome or expensive source, (ii) the party seeking the discovery has had ample opportunity to obtain the information, or (iii) the

---

[4] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

>  discovery is unduly burdensome or expensive taking into account the circumstances of the particular case.

*Steven Baicker-McKee, Federal Civil Rules Handbook*, 411 (1998 ed.). "The burden is upon the movant to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See id.* (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements")). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

Defendants, through the issued subpoenas directed towards Plaintiff's accountants, Christian Mendoza and (2) Rebeca Cristobal of Global Tax & Accounting Group Corp., seek documents which Plaintiffs have already objected to and to which Defendants have not moved to compel the production of or to overrule Plaintiff's objections. Defendants' should not be permitted to circumvent the discovery process and obtain information that is harassing, burdensome, and overbroad in that it seeks information that is not relevant to the pending claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Further, there is a potential for abuse of a subpoena for production issued to a third party without notice to the opposing party. Such conduct is unfair to the person subject to subpoena as well as Plaintiff. *Richardson v. Florida,* 137 F.R.D. 401, 404 (M.D. Fla. 1991). Rule 30(b) requires reasonable notice in writing to Plaintiffs if testimony is to be given at a deposition and,

as the subpoenas are for the production of documents (*duces tecum*) Rule 34 should apply which requires (30) days after being served to respond. Herein, the non-party witness has not been provided with the required amount of time to respond to same. Additionally, it is inherent in Rule 45 that notice be given to another party when documents are to be obtained from a person who is not a party to the action and the Court has discretion to quash and, in the alternative, enter a protective order.

Finally, Plaintiff's materials transmitted to his accountants are derivative of Plaintiff's attorney-client privilege and the production of said documents could have a chilling effect of the disclosure so as to prepare tax information. Additionally, "[i]ncome tax returns are highly sensitive documents" which courts have been reluctant to order disclosed during discovery absent: (1) the relevance of the tax returns to the subject matter of the dispute; and (2) a compelling need for the tax returns exists because the information contained therein is not otherwise readily obtainable. *See, Pendlebury v. Starbucks Coffee Co.,* 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) *see also,* Dunkin'Donuts, 2001 WL 34079319, at *2.

In the case at bar, given Plaintiffs' legitimate expectation of privacy in these types of records and the tenuous connection, at best, they might have to the issues in this lawsuit, the Court should quash the subpoenas directed towards Plaintiff's accountants or, in the alternative, enter a protective order as to same. *See, e.g., Longmire v. Ala. State Univ.,* 141 F.R.D. 414, 418 (M.D.Ala.1992) (noting that discovery requests should be carefully scrutinized when they have the potential for "harassment, embarrassment, and unnecessary invasions into [one's] private life"); *Priest v. Rotary,* 98 F.R.D. 755, 761 (N.D.Cal.1983) ("When a discovery request '[a]pproaches the outer bounds of relevance and the information requested may only marginally enhance the objectives of providing information to the parties or narrowing the issues, the Court

must then weigh that request with the hardship to the party from whom the discovery is sought.' ") (quoting *Carlson Cos., Inc. v. Sperry & Hutchinson Co.* 374 F.Supp. 1080, 1088 (D.Minn.1974)); 10 Federal Procedure, Lawyer's Edition § 26:70 (1994 & Supp.2005) ("the district courts should not neglect their power to restrict discovery where justice requires protection for a party ... from annoyance, embarrassment, oppression, or undue burden or expense").[3] *Pendlebury v. Starbucks Coffee Co.,* No. 04-80521-CIV, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005).

WHEREFORE, PLAINTIFFS RESPECTFULLY MOVE THIS COURT TO QUASH THE SUBPOENAS *DUCES TECUM* DIRECTED TOWARDS PLAINTIFF'S ACCOUNTANTS, (1) CHRISTIAN MENDOZA AND (2) REBECA CRISTOBAL OF GLOBAL TAX & ACCOUNTING GROUP CORP., OR, IN THE ALTERNATIVE, FOR ENTRY OF A PROTECTIVE ORDER AS TO SAID SUBPOENAS. PLAINTIFF ALSO RESPECTFULLY REQUEST THAT THEY BE AWARDED FEES FOR HAVING TO FILE THIS MOTION AND ALL RELATED LEGAL WORK RELATED TO THIS MOTION.

### CERTIFICATE OF CONFERRAL

The undersigned has conferred with Defense Counsel, Adi Amit, Esq., and Defendants do not agree to withdraw their subpoenas and/or cancel the deposition scheduled.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah Jaff___
    Rivkah Jaff, Esquire

Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 6/1/15 TO:

ADI AMIT, ESQ.
LUBELL & ROSEN, LLC
200 S. ANDREWS AVENUE, SUITE 900
FORT LAUDERDALE, FL 33301
PH: 954-880-9500
FAX: 954-755-2993
EMAIL: ADI@LUBELLROSEN.COM

BY: __/s/____Rivkah Jaff_____
RIVKAH JAFF, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23219-CIV-SEITZ/TURNOFF

ORLANDO A ARTOLA and all others )
similarly situated under 29 U.S.C. 216(b), )
)
)
Plaintiff, )
vs. )
)
)
MRC EXPRESS, INC. )
ALPHA LOGISTICS SERVICE, INC., )
)
Defendants. )
_____ )

### ORDER GRANTING PLAINTIFF'S MOTION TO QUASH AND, IN THE ALTERNATIVE, FOR PROTECTICE ORDER AS TO SUBPOENAS FOR DEPOSITIONS *DUCES TECUM* DIRECTED TOWARDS CHRISTIAN MENDOZA AND REBECA CRISTOBAL

This matter came on to be heard regarding the above-described Motion, and the Court being advised in the premises, it is:

ORDERED AND ADJUDGED that said Motion is hereby GRANTED; and

1. DEFENDANTS SUBPOENAS *Duces Tecum* directed towards Plaintiff's accountants, (1) Christian Mendoza and (2) Rebeca Cristobal of Global Tax & Accounting Group Corp., are quashed.

2. PLAINTIFF SHALL BE AWARDED ATTORNEY'S FEES FOR HAVING TO FILE THE ABOVE-DESCRIBED MOTION AND ALL WORKED INVOLVED WITH THE SAME. PLAINTIFF MAY FILE A MOTION TO ENFORCE THAT QUANTIFIES ALL FEES SOUGHT WITHIN (14) DAYS OF THIS ORDER.

DONE AND ORDERED at Miami, Florida, this ___ day of _____ 2015.

_____
**PATRICIA A. SEITZ**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record